GRAY, Appellant, vs. CITY OF WAUPUN, Respondent.

*September 18—December 9, 1924.*

*Municipal corporations: Population: How determined: Statutory test: Discretion of legislature: Federal census including convicts and insane persons.*

1. Where the legislature has by statute provided for a reasonable test as to what constitutes the population of a city, the court cannot alter such test or exercise its own judgment as to whether or not such test is a proper one. p. 159.
2. Under sub. (27), sec. 4971, Stats., providing that the word "population," when used in classifying municipalities for the exercise of their corporate powers or for convenience of legislation, means population according to the last national census, such census is conclusive on the question whether the population of a city is sufficient to warrant the appointment

of a chief of police under sec. 62.13, notwithstanding inmates of the state prison and of a state insane asylum were included in such census, and although convicts are not true "residents" of a city as that term is usually understood.  p. 160.

OWEN, J., dissents.

APPEAL from a judgment of the circuit court for Fond du Lac county: CHESTER A. FOWLER, Circuit Judge.  *Reversed.*

An action to collect the salary of the plaintiff as chief of police of the city of *Waupun.*  The defense is that the city of *Waupun* has a chief of police other than plaintiff, duly appointed but not by the board of police and fire commissioners.  Sec. 62.13, Stats., provides that each city shall have a board of police and fire commissioners.  Sub. (2) of said section provides that the statute shall not apply to cities of less than 4,000 population unless an ordinance is duly passed providing for it.  It is admitted that in this case no such ordinance was passed.  It is claimed that the city of *Waupun* has, within the meaning of the statute, a population of more than 4,000 and therefore is required to have a police and fire commission and a chief of police.  The population of the city of *Waupun* as determined by the last federal census shows that it has 4,440 inhabitants.  The census report also showed that of such inhabitants 766 were convicts committed to and confined in the Wisconsin state prison and 107 were inmates of the Wisconsin state hospital for the insane, both of which institutions were within the corporate limits of the city of *Waupun.*  It is the defendant's claim that the convicts and the inmates of the hospital should not be counted for the purposes of determining the population of the city with reference to its right or duty to maintain a police and fire commission.  It is the claim of the plaintiff that such inmates should be counted and that the return of the federal census as to the total population is conclusive.  The trial court held that the inmates of the state prison and the inmates of the asylum should not be counted

and that the city of *Waupun* had no legally authorized police and fire commission and consequently that the plaintiff was not entitled to recover, as he had not been lawfully appointed chief of police. From a judgment dismissing the action the plaintiff appealed.

For the appellant there was a brief by *C. E. Hooker*, and oral argument by *C. E. Hooker* and *E. W. Hooker*, both of Waupun.

For the respondent there was a brief signed by *R. D. Tillotson* of Waupun, and oral argument by *Mr. Tillotson*.

The following opinion was filed October 14, 1924:

VINJE, C. J. The question for decision is whether the trial court was justified in deducting from the return of the federal census the inmates of the state prison and the inmates of the asylum. If the court was so justified, then the judgment is correct, but if not, then the judgment must be reversed with directions granting judgment for the plaintiff. Sub. (27), sec. 4971, of our Statutes provides:

"The word 'population,' when used in connection with a classification of towns, villages, cities or counties for the exercise of their corporate powers or for convenience of legislation, means the population of such towns, villages, cities or counties according to the last national census."

It is clear that the word "population" as used in sec. 62.13 is used in a statute classifying towns, villages, cities, or counties for the exercise of their corporate powers. It is equally clear that when the legislature has by statute provided for a reasonable test as to what constitutes the population of a city there is no power in the court to alter such test, or to exercise its own judgment as to whether or not such test is a proper one. The necessity for the legislature to fix a test for determining what shall constitute the population of a city for purposes of classification is obvious. Its selection of the national census as a conclusive test of what the population is, is certainly reasonable.

Were this a case where the court, free from a legislative declaration, could go into the question of what constitutes the population of the city of *Waupun* for the purposes of classification, it might well come to the conclusion reached by the trial court.   The city of *Waupun* is not required to legislate in any respect with reference to the convicts.   The state prison has its own police force, and no ordinance passed by the city of *Waupun* can in any way affect the government of the state prison or the inmates contained therein.   The convicts are not true residents within the city as the term "resident" is usually understood.   They have no voice in the government, and it would be eminently proper for the legislature to exclude them in the counting of the population of the city.   But the question is, Has it done so?   It has said by definite and unmistakable language that the population of a city shall be the number returned by the United States federal census.   That return is without question and admitted to be 4,440.   The fact that the census report shows in its detail that some of these persons enumerated in the city of *Waupun* were convicts and some inmates of the insane asylum cannot affect the validity of the total number returned, nor change its population as returned by the census bureau.   The census shows many detailed facts, such as the occupation, birth, race, and color of its inhabitants, but no matter what detailed facts are shown by the census the conclusion reached by the federal government as to the number that should be returned as a city's population becomes conclusive, because the statute has said that it shall be.   The reason why the legislature made the federal census conclusive upon questions of this kind is evident.   It was for the purpose of obviating the necessity of making counts as to the population of a certain district.   It is well known that there is scarcely a more difficult fact to prove than the true population of a city, village, or county.   This matter was submitted to the attorney general in April, 1921.   He said as a part of his opinion:

"We have no authority to go behind the official figure of

the national census and determine how many of the persons enumerated in that census are *bona fide* residents and how many are not.   The law takes the census enumeration as the standard, regardless of the standards of the persons included therein with respect to citizenship or permanent residence."

This court no more than the attorney general has a right to go behind the legislative mandate and inquire into the correctness of the federal census.   We concur thoroughly with what was said by the attorney general.   It follows from what has been said that the judgment of the circuit court must be reversed.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment in favor of plaintiff as claimed in his complaint.

The following opinion was filed October 20, 1924:

OWEN, J. (*dissenting*).   I do not believe the legislature intended that the inmates of the state prison should be counted in ascertaining the population of a city in which such prison is located to enable that city to exercise corporate powers made dependent upon the population thereof. Cities are established for the purposes of local self-government on the part of a free population.   The inmates of a state prison are neither amenable to nor have a voice in the government of the city in which the institution happens to be located.   If the inmates of the state prison may be counted for the purposes of determining whether the city of *Waupun* shall have a board of police and fire commissioners, there is no reason why the inmates of the hospital for the insane at Mendota, or any other state institution, should not be counted for the purpose of determining whether or not a given area within which such institution is located may be organized as a village.

It is said that the statute plainly says that the population of the city shall be determined by the last national census.

Where the census, however, plainly indicates on its face the number of free and the number of prison population, then I think the question fairly arises whether the legislature meant simply the free population or the total of free and prison population.    The legislature must have meant either the one or the other.    If it did not, but left it to the federal census bureau to determine which it should be, it amounts to a plain delegation of legislative power.    Under such a construction the prison population is to be included or excluded according to the method and manner of taking the federal census.    This to my mind comes more nearly being, a delegation of legislative power than that of the ordinance condemned for that reason in *Wagner v. Milwaukee,* 177 Wis. 410, 188 N. W. 487.

But I shall not discuss the matter at length.    Suffice it to say that in view of the fact that there is no relation whatever between a prison population and the government of a city in which the prison may be located, it is unreasonable if not absurd to suppose that the legislature intended that powers appropriate to a city of a given population should depend in any degree upon the number of persons incarcerated in the state prison in that city.    In view of the fact that the federal census separates the free and the prison population, giving the total amount of both, it should be held that the powers which may be exercised by the city of *Waupun* should be determined by the number of its free inhabitants as disclosed by the federal census.    I therefore think the judgment should have been affirmed.

A motion for a rehearing was denied, with $25 costs, on December 9, 1924.